IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN L. WILLIAMS,<br>    **Plaintiff,**<br><br>  v.<br><br>COII STEPHEN POBORSKY, et al.,<br>    **Defendants.** | )<br>)<br>)<br>)  C.A. No. 22-242 Johnstown<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

  Plaintiff Shawn L. Williams, an inmate formerly incarcerated at the State Correctional Institution at Houtzdale, Pennsylvania ("SCI-Houtzdale")[1] initiated this civil rights action on December 19, 2022, by filing a *pro se* complaint against ten staff members at SCI-Houtzdale: Unit Manager Defelice, Captain J. Jones, Sergeants S. Jones and Young, Grievance Coordinator Reifer, Hearing Examiners Nunez and Rudzienski, and Corrections Officers Poborsky, Morgan, and Neyman. This matter was referred to Chief United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. §636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

  On February 7, 2024, Judge Lanzillo issued a Report and Recommendation recommending that Defendants' partial motion to dismiss [ECF No. 29] be GRANTED and that the Court dismiss all of the claims subject to Defendants' motion, with prejudice, except for Plaintiff's Eighth Amendment conditions of confinement and deliberate indifference to serious medical needs claims, which should be dismissed, without prejudice to Plaintiff's right to amend his complaint to correct the deficiencies of such claims within twenty days [ECF No. 47]. Judge

---

[1] Plaintiff is presently incarcerated at the State Correctional Institution at Rockview in Bellefonte, Pennsylvania.

Lanzillo recommended further that Defendants Rudzienski, Nunez, and Reifer be terminated from this case.

Plaintiff's complaint alleges that Defendants retaliated against him in violation of his rights under the First Amendment; subjected him to cruel and unusual conditions of confinement and acted with deliberate indifference to his health and safety in violation of his rights under the Eighth Amendment; issued false misconduct charges against him and denied him due process at his disciplinary misconduct hearings in violation of his Fourteenth Amendment rights; and harassed him and caused him emotional distress in violation of Pennsylvania state tort law.

On June 14, 2023, Defendants filed a partial motion to dismiss seeking dismissal of all claims other than Plaintiff's retaliation claim against Defendants S. Jones, Morgan, Poborsky, Young, and Neyman in their individual capacities. [ECF No. 29]. On February 7, 2024, Judge Lanzillo issued a Report and Recommendation ("R&R") recommending that Defendants' motion be GRANTED and that the Court dismiss all of the claims subject to Defendants' motion, with prejudice, except for Plaintiff's Eighth Amendment conditions of confinement and deliberate indifference to serious medical needs claims, which were recommended for dismissal, without prejudice to Plaintiff's right to amend his complaint to correct the deficiencies of such claims within twenty days [ECF No. 47]. The R&R recommended further that Defendants Rudzienski, Nunez, and Reifer be terminated from this case.

By Memorandum Order dated February 29, 2024, this Court adopted Judge's Lanzillo's Report and Recommendation and dismissed all of Plaintiff's claims subject to Defendants' partial motion to dismiss, with prejudice, except for Plaintiff's Eighth Amendment conditions of confinement and deliberate indifference to serious medical needs claims, which were dismissed without prejudice to Plaintiff's right to file an amended complaint to correct the deficiencies of

such claims within twenty days of the Order or suffer dismissal of such claims, with prejudice, without further notice. [ECF No. 51].[2] In addition, the Court terminated Defendants Rudzienski, Nunez, and Reifer from this case.

As a result of the foregoing, the only claims remaining in this case are claims of retaliation against Defendants Young, S. Jones, Neyman, Morgan, and Poborsky.

After close of discovery, the remaining Defendants filed a motion for summary judgment seeking judgment in their favor on all remaining claims of retaliation against them. [ECF No. 71]. The motion was fully brief by the parties.

In the meantime, on October 17, 2024, this case was reassigned from Chief Magistrate Judge Lanzillo to United States Magistrate Judge Kezia O.L. Taylor, for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. §636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

On February 14, 2025, Magistrate Judge Taylor issued a Report and Recommendation ("R&R2") recommending that Defendants' motion for summary judgment by granted in part and denied in part, as follows: The R&R recommends that the motion be denied as to Defendant Neyman (regarding the cell 23 move), Defendant Morgan (regarding false misconduct and denied meal), and Defendant Poborsky (regarding denied meal and false misconduct); and that the motion be granted as to Defendant Young, Defendant S. Jones (regarding denial of a blanket), and Defendant Morgan (regarding denial of yard and shower). [ECF No. 95]. Objections to the R&R were due to be filed by February 28, 2025; however, no timely objections have been received by the Court.

After *de novo* review of the complaint and documents in this case, together with the

---

[2] Because Plaintiff never filed an amended complaint in compliance with this Court's Order of February 29, 2024, Plaintiff's Eighth Amendment claims are deemed to have been dismissed, with prejudice.

report and recommendation, the following order is entered:

AND NOW, this 18th day of March, 2025;

IT IS HEREBY ORDERED that Defendants' motion for summary judgment [ECF No. 71] is DENIED as to Plaintiff's retaliation claims against Defendant Neyman (regarding the cell 23 move), Defendant Morgan (regarding false misconduct and denied meal), and Defendant Poborsky (regarding denied meal and false misconduct), but is GRANTED as to Plaintiff's retaliation claims against Defendant Young, Defendant S. Jones (regarding denial of a blanket), and Defendant Morgan (regarding denial of yard and shower). A judgment order regarding the latter claims will follow.

IT IS FURTHER ORDERED that the Clerk shall terminate Defendants Young and S. Jones from this case. The report and recommendation of Magistrate Judge Taylor, issued February 14, 2025 [ECF No. 95], is adopted as the opinion of the court.

_____
SUSAN PARADISE BAXTER
United States District Judge

cc: The Honorable Kezia O.L. Taylor
United States Magistrate Judge

all parties of record